## INEFFECTUAL ATTEMPT TO RESERVE IN A DEED THE POWER OF ALIENATION.

Court of Appeals for Paulding County.

ANNA B. SMALLEY v. DANIEL W. SMALLEY ET AL.

Decided, January 8, 1916.

*Deed—Placed in Escrow and Delivered After Death of Grantor—Right Reserved by Grantor to Sell and Convey—Language of the Exception Held Ineffectual to Impair the Estate Conveyed.*

Where in a deed of conveyance of real estate, language is employed by way of condition or exception, reserving to the grantor the power of alienation of the estate conveyed, such repugnant language will, on grounds of public policy, be denied effect.

*Hooper & Lenhart* and *Waters & Bayliss,* for plaintiff.
*F. P. Spriggs, P. W. Stumm* and *A. N. Wilcox,* contra.

CROW, J.

In this cause, which is here on appeal from the Court of Common Pleas of Paulding County, Ohio, plaintiff seeks to recover and have aparted to her the undivided sixth of certain real estate situate in said county.

The essential facts are the following: On June 16, 1900, Daniel F. Smalley, a widower, died intestate, leaving plaintiff, and the other parties to this action, his sole heirs at law and next of kin. On August 11, 1893, said decedent, by a deed in due form, acknowledged and witnessed, conveyed the premises described in plaintiff's petition to certain of his children not including plaintiff and others, the deed being in the following language, omitting the acknowledgment:

"Know all men by these presents, that I, Daniel F. Smalley, an unmarried man of the county of Paulding, Ohio, the grantor in consideration of one (1) dollar and other considerations to me paid by Amariah P. Smalley and Daniel W. Smalley, the grantees, the receipt whereof, is hereby acknowledged, do hereby

bargain, sell and convey to said grantees and their heirs and assigns forever, the following real estate, viz., situated in the county of Paulding and state of Ohio, and known as the north half of the southeast quarter of section eighteen, township two (2), north of range two (2) east, containing eighty (80) acres of land the same more or less but subject to all legal highways together with the privileges and appurtenances to the same belonging, with the following exceptions, that said grantor reserves full control and use of said premises during his natural life, with full power to sell and convey said premises, the same as if this deed had not been executed, but in case that said grantor becomes deceased, then the title to said land to rest absolutely in said grantees, their heirs and assigns.

"To have and to hold the same to the said grantees, their heirs and assigns forever, grantor hereby covenanting that the title so conveyed is clear, free and unincumbered and that he will warrant and defend the same against all claims whatsoever, except the conditions above set forth."

This instrument was, as soon as acknowledged, left by the grantor with the scrivener, P. W. Stumm, to be delivered by him upon the death of the grantor.

No control of the deed was reserved at the time of such placing it in the hands of the scrivener.

After the death of the grantor, pursuant to said unconditional direction by the grantor, the depositary of the instrument, Mr. Stumm, delivered it to the grantees, who caused the same to be duly recorded.

Two questions arise upon the facts, and in behalf of plaintiff it is claimed that the correct solution of both requires the avoidance of the deed and a decree of partition in her favor.

1. It is first urged that the placing of the deed in escrow with the scrivener, and his subsequent disposal of it as above recited, do not constitute a valid delivery.

Whatever may be the law in other states, this point has been clearly settled in Ohio, in favor of such delivery, by the decisions of the Supreme Court in the following cases: 34 O. S., 610, and 37 O. S., 132.

The above decisions, with which we are unanimously in full accord, have become a rule of property.

2. Is the instrument effective at all as a conveyance of lands, in view of the presence in the granting clause, of language immediately following the description, to-wit:

"with the following exceptions, that said grantor reserves full control and use of said premises during his natural life, with full power to sell and convey said premises, the same as if this deed had not been executed, but in case that said grantor becomes deceased, then the title to said land to rest absolutely in said grantees, their heirs and assigns."

Of course, no claim is made that the reservation of the life estate in favor of the grantor, could not be properly made.

But it is insisted that the language of the exception which preserves to the grantor the full power to sell and convey, as well as the exception following the warranting clause, renders the deed ineffectual, for the reason that an attempt is made to reserve to the grantor an estate (in fee simple) equal in character and duration to that purporting to have been conveyed.

Many of the early rules of interpretation of deeds, which had to do with the formal parts, such as the granting, habendum, and tenendum, clauses, have by the uniform holdings of the courts of several states, including those in Ohio, yielded to the one which now requires construction by reference to all the language, generally characterized as "by the four corners."

However, at the threshhold of the interpretation of the deed in issue herein, lies the rule requiring a deed to be construed most strongly against the grantor. This is also a rule of property in Ohio. 15 Ohio, 196, 200; 7 Ohio State, 37, 42.

Another applicable canon of interpretation closely allied to if not included in the one just mentioned, requires that if the instrument be susceptible of two interpretations, one of which will pass the title, and the other will not do so, the former will be adopted.

The controlling question in the case at bar is the following: where, by the terms of a conveyance of real estate otherwise free from doubt, the whole of the estate sought to be conveyed is, by an exception, reserved in the granting clause to the grantor;

does such irreconcilable repugnancy exist as must render the instrument nugatory?

Were the language reserving to the grantor of the deed here in question, full power to sell and convey the premises the same as if the deed had not been executed, absent from the conveyance under consideration, no one would claim that the remainder in fee simple, subject to the reserved life estate, would not pass to the grantees.

But this language can not be disregarded.

Either it must result in complete destruction of the attempted conveyance, or it must be adjudged of no force as against the title which would pass were it not employed.

Manifestly the grantor intended three things by this instrument: first, to convey a fee simple title to the grantees; second, to reserve an estate for life, to himself; and, third, to engraft on the fee simple title a right in himself, which might take from the grantees every attribute of the title the grantor was investing in them.

By the language itself, the grantor made the reservation essential and entirely repugnant to the very nature of the estate he had conveyed.

With much diligence we have endeavored to find a case in Ohio on this precise question, where a deed was in issue. In 36 Ohio State, 506, the principle is applied in the case of a will, where restraint of alienation was attempted. At page 515, the learned judge asserts the rule to be the same by deed as by will, and indeed no reason can be perceived for any discrimination in the application of this rule. The restraint is void as against public policy. And, as stated in the case last cited, the owner of property can not transfer it absolutely to another, and at the same time keep it himself. He may restrain or limit its enjoyment by trusts, conditions or covenants, but can not take from a fee simple estate its inherent quality and still transfer it as such estate.

While in the case just referred to, the restraint sought to be imposed was on the power of the devisee to alienate, the principle will apply as well where by exception in a deed a grantor

would undertake to restrain alienation by language reserving to him the power to deprive the grantee of the title sought to be conveyed.

This subject is admirably covered is the recent and very valuable work, Ruling Case Law, at page 1094 of Volume 8.

We entertain no doubt concerning the correctness of the rule there so clearly stated and abundantly supported by the notes to which it refers, which harmonize with the Ohio case referred to.

We hold, therefore, that the quoted language of the exceptions in the case before us, is ineffectual, so far as it undertakes to impair the estate in fee simple subject to the reserved life estate.

KINDER, J., and ANSBERRY, J., concur.

----

### CLAIM BARRED BY JUDGMENT IN FORMER ACTION.